# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00294-CV

### Impact Floors of Texas, L.P. and IFT, Inc., Appellants

### v.

### At Your Disposal, Inc., Appellee[1]

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-16-010345, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this dispute concerning waste removal services, the trial court granted summary judgment in favor of appellee At Your Disposal, Inc. (AYD), and denied the motions for summary judgment and motion to compel filed by appellants Impact Floors of Texas, L.P., and IFT, Inc. (collectively, Impact Floors). After a bench trial on attorney's fees, the court rendered a final judgment awarding AYD damages and fees. In five appellate issues, Impact Floors challenges these orders and the final judgment. We will reverse the trial court's judgment and remand this cause to the trial court.

## BACKGROUND

For several years, AYD collected Impact Floors' trash, and Impact Floors paid AYD for this service. However, the relationship eventually soured, and Impact Floors informed AYD that

---

[1] The notice of appeal and docketing statement in this case give the appellee's name as "At Your Disposal Waste Services, Inc." We have changed the appellee's name in the case style to reflect the party's name in the trial court's final judgment. The question of the appellee's name is further addressed below.

it would no longer be using AYD's services. In October 2016, AYD sued Impact Floors, alleging that Impact Floors had breached a written contract obligating it to pay for AYD's services. In response, Impact Floors argued that the contract was not valid because the Impact Floors employee who allegedly signed the contract lacked the authority to do so. In its first amended answer, Impact Floors brought counterclaims for declaratory judgment and negligence. Impact Floors also filed a traditional and no-evidence motion for summary judgment arguing that the alleged contract's liquidated damages clause was unenforceable and that IFT, Inc. was not a party to the alleged contract. AYD then filed its own traditional and no-evidence motion for summary judgment, arguing that Impact Floors should take nothing on its counterclaims. In October 2017, the trial court denied Impact Floors' summary judgment motion and granted AYD's motion, dismissing Impact Floors' counterclaims for declaratory judgment and negligence with prejudice.

Later, Impact Floors filed a second amended answer in which it asserted counterclaims only for breach of implied agreement and, in the alternative, breach of contract, effectively abandoning its initial counterclaims. It also filed a motion to compel the production of documents that it had requested from AYD, which the trial court denied, as well as a motion for summary judgment on AYD's claim for attorney's fees. AYD filed a motion for summary judgment asking the court to rule in its favor on its breach of contract claim and to rule against Impact Floors on its new counterclaims. On January 31, 2018, the trial court denied Impact Floors' motion, granted AYD's motion, and dismissed Impact Floors' counterclaims with prejudice.[2]

---

[2] To summarize, AYD made the following requests in its motions for summary judgment, all of which the trial court granted:

- dismiss Impact Floors' counterclaims for declaratory judgment and negligence;
- grant summary judgment on AYD's breach of contract claim; and
- dismiss Impact Floors' counterclaims for breach of implied agreement and, in the alternative, breach of contract.

After holding a bench trial on attorney's fees, the court signed a final judgment. In the judgment, the trial court found that Impact Floors failed to comply with a written contract and that this failure was not excused. The court further found that IFT, Inc. was a general partner of Impact Floors of Texas, L.P. and thus liable for Impact Floors of Texas's debts and obligations. The judgment awarded AYD $22,921.10 in damages and $56,137.50 in attorney's fees, as well as costs, interest, and conditional appellate attorney's fees. Impact Floors then filed this appeal.

## STANDARD OF REVIEW

"A trial court's ruling on a motion for summary judgment is reviewed de novo." *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018). "To prevail on a traditional motion for summary judgment, the movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Id.* (citing Tex. R. Civ. P. 166a(c)). "[I]t is proper for the trial court to grant a defendant's no-evidence motion for summary judgment if the plaintiff has produced no more than a scintilla of evidence on an essential element of the cause of action, that is, if the plaintiff's evidence does not rise to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 625 (Tex. 2018), *cert. denied*, 139 S. Ct. 1216 (2019) (internal quotation marks omitted); *see* Tex. R. Civ. P. 166a(i). "When competing summary-judgment motions are filed, each party bears the burden of establishing that it is entitled to judgment as a matter of law,"

---

Impact Floors made the following requests in its motions for summary judgment, all of which the trial court denied:

- declare that the alleged contract's liquidated damages clause is unenforceable;
- dismiss all claims against IFT, Inc.; and
- deny AYD's request for attorney's fees.

3

and "the reviewing court should determine all questions presented and render the judgment that the trial court should have rendered." *Tarr*, 556 S.W.3d at 278 (internal quotation marks omitted).

## DISCUSSION

**The Plaintiff's Name in Pleadings and Judgment**

In its first appellate issue, Impact Floors contends that the trial court erred in granting summary judgment for AYD because At Your Disposal, Inc. was never a party to the suit.

The original petition and first amended petition list the plaintiff as "At Your Disposal Waste Services, Inc." However, the second amended petition, the live pleading in this case, lists the plaintiff as "At Your Disposal, Inc." The plaintiff's motions for summary judgment also give the name "At Your Disposal, Inc." The trial court's order denying Impact Floors' first motion for summary judgment lists the plaintiff as "At Your Disposal Waste Services, Inc.," but the three remaining summary judgment orders list the plaintiff as "At Your Disposal, Inc.," as does the court's final judgment.

Impact Floors argues that At Your Disposal, Inc. is not a party to this suit and therefore could not have obtained judgment in its favor. Impact Floors points out that the alleged written contract bears the name "At Your Disposal Waste Services, Inc." The invoices sent to Impact Floors also bear the name "At Your Disposal Waste Services, Inc." Impact Floors contends that At Your Disposal, Inc. and At Your Disposal Waste Services, Inc. are two distinct entities. In support of this argument, Impact Floors notes that the original petition, which gives the plaintiff's name as At Your Disposal Waste Services, Inc., states that the plaintiff "is a Texas Limited Partnership in good standing whose principal place of business is in Harris County, Texas," while a "Certificate of Formation" in the record shows that the "business address" of At Your Disposal, Inc. is San Antonio. Impact Floors further notes that, although the second amended petition gives the

4

plaintiff's name as At Your Disposal, Inc., it also states that the plaintiff's principal place of business is in Harris County.

AYD, however, argues that this is a simple case of harmless misnomer. AYD admits that it erroneously identified itself in the original petition as "At Your Disposal Waste Services, Inc." but notes that the final judgment and live pleading both identify the plaintiff as At Your Disposal, Inc., and the judgment therefore conforms to the pleading. *See* Tex. R. Civ. P. 301.

The record before us does not conclusively establish whether At Your Disposal, Inc. is the same entity as At Your Disposal Waste Services, Inc. Regardless, however, AYD is correct that the trial court's final judgment conforms to AYD's live pleading; both identify the plaintiff as "At Your Disposal, Inc." In addition, Impact Floors has not argued, much less proven, that it suffered any prejudice from the alleged confusion regarding the plaintiff's name. *See Eckman v. Northgate Terrace Apartments, LLC*, No. 03-18-00254-CV, 2018 WL 3150845, at *2 (Tex. App.—Austin June 28, 2018, pet. denied) (mem. op.) (noting that "the record in this case does not support any claim that Eckman was misled as to who the plaintiff was or was placed at a disadvantage by the misnomer"); *see also In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 326 (Tex. 2009) (per curiam) ("In a case like this, in which the plaintiff misnames itself, the rationale for flexibility in the typical misnomer case—in which a plaintiff misnames the defendant—applies with even greater force."). Accordingly, we overrule Impact Floors' first appellate issue.

**Facts Questions Concerning the Contract's Validity**

In its second and third issues, Impact Floors contends that the trial court erred in granting summary judgment in AYD's favor on AYD's breach of contract claim because fact questions exist concerning whether Lee Pachicano, the Impact Floors employee who allegedly signed the contract with AYD, had the authority to do so. We agree.

5

An agent's authority to act on behalf of a principal can be actual or apparent. *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007). Actual authority, or express authority, "denotes that authority that a principal intentionally confers upon an agent, intentionally allows the agent to believe he possesses, or allows the agent to believe he possesses by want of due care." *Wallace Roofing, Inc. v. Benson*, No. 03-11-00055-CV, 2013 WL 6459757, at *10 (Tex. App.—Austin Nov. 27, 2013, pet. denied) (mem. op.). Actual authority "depends on some communication by the principal . . . to the agent." *Gaines*, 235 S.W.3d at 182.

In contrast, apparent authority, or implied authority, "depends on some communication by the principal . . . to the third party" and "is based on estoppel, arising either from a principal knowingly permitting an agent to hold [himself] out as having authority or by a principal's actions which lack such ordinary care as to clothe an agent with the indicia of authority, thus leading a reasonably prudent person to believe that the agent has the authority [he] purports to exercise." *Id.* (internal quotation marks omitted, brackets in original). "[T]he principal's full knowledge of all material facts is essential to establish a claim of apparent authority based on estoppel." *Id.* "Moreover, when making that determination, only the conduct of the principal is relevant." *Id.* "[T]he standard is that of a reasonably prudent person, using diligence and discretion to ascertain the agent's authority," so "to determine an agent's apparent authority we examine the conduct of the principal and the reasonableness of the third party's assumptions about authority." *Id.* at 182–83. "Declarations of the alleged agent, without more, are incompetent to establish either the existence of the alleged agency or the scope of the alleged agent's authority." *Id.* at 183–84.

The summary judgment record includes the following documents, among others:

- A written contract allegedly signed by AYD and Impact Floors. The document bears the logo of "At Your Disposal Waste Services, Inc." and is dated "2/11/11." The "Customer Name" near the beginning of the document is "Impact Floors of Texas," the "Contact" under

6

"Billing Information" is "Cathy Guinan," and the "Contact" under "Service Location Information" is "Lee Pachicano." In the signature block, the "Customer Name" appears to be "Lee Pachicano," and the contract is signed by "Lee Pachicano."[3] The "Title" line under Pachicano's signature is blank.

- A declaration of Pachicano dated April 14, 2017, in which he states that he was Impact Floors' "Operations Manager." Pachicano further asserts that he "was tasked with finding a [trash container] service" that was less expensive than their previous provider, that he obtained a quote from AYD, that he signed the contract with AYD, that he had authority to sign the contract "as part of [his] job as Operations Manager," and that he was authorized to sign the contract by "Rocky Hall," who was Impact Floors' "Director of Operations," and by Larry Smith, Impact Floors' "Branch General Manager." Pachicano also states that a copy of the contract was forwarded to Impact Floors' corporate office in Dallas.

- A declaration of Larry Smith dated April 27, 2017, in which he states that he was "the General Manager for Impact Floors" in Austin, "the highest level employee in the Austin division of Impact Floors at that time." Smith further declares that he tasked Lee Pachicano with finding a new trash container service, that he authorized Pachicano to sign the contract with AYD, and that Pachicano had authority to sign the contract "as part of his job as Operations Manager."[4]

- A declaration of Royse "Rockie" Hall dated May 2017,[5] in which he states that he was Impact Floors' "Vice President of Operations" and that he supervised Pachicano. He further states that only certain persons at Impact Floors' headquarters in Dallas had the authority to enter into a contract for services, that no one in Impact Floors' Austin office had the authority to sign any contracts, and that it was well known in the Austin office that it was improper to sign a contract on behalf of Impact Floors. He states, "I ensured that all employees that I supervised understood the policy that they could not sign any contracts on behalf of Impact Floors." In addition, Hall declares that he never told Pachicano that he had the authority to sign any contract, that he never told Pachicano he could sign a contract with AYD, that he himself would not have had the authority to authorize Pachicano to sign a contract, and that he never saw a contract between Impact Floors and AYD before Pachicano was terminated from Impact Floors.

---

[3] Although the "Customer Name" and signature are difficult to read, the parties do not dispute that they are "Lee Pachicano."

[4] Smith later signed a declaration, dated January 23, 2018, in which he contradicts many of these statements. In the later declaration, Smith states that he did not authorize Pachicano to sign the contract with AYD and that he would not have had the authority to make such an authorization. On appeal, AYD argues that the trial court "did not abuse its discretion in disregarding Larry Smith's second declaration as a sham affidavit." Nothing in the record before us indicates that the trial court excluded or declined to consider Smith's second declaration. Nevertheless, because it does not affect the outcome of our analysis, we will not consider Smith's second declaration.

[5] The date appears to be May 9, 2017, but the day is difficult to read.

7

- A declaration of Cathy Guinan dated May 10, 2017, in which she states that she was the "Accounts Payable Manager for Impact Floors in the Corporate Office in Dallas (which was the headquarters)." She further declares that only certain persons in the Dallas office had the authority "to execute contracts for any type of services" and that "individual personnel in the Austin office . . . would have known that they did not have the authority to sign any agreement on behalf of Impact Floors." In addition, Guinan states that "[p]ersonnel in the Austin office did not handle any invoices or contracts from vendors," that "[a]ll invoices were billed and paid through" the Dallas office, and that "[a]ll questions and/or issues from vendors regarding invoices or contracts were directed to" the Dallas office. She also declares that she does not remember seeing a contract between Impact Floors and AYD and that, if she had seen one, she "would have immediately let Mr. Pachicano's supervisors know that Mr. Pachicano did not have the authority to sign such an agreement." Finally, Guinan declares that she "was contacted by counsel for Mr. Pachicano" in April 2017 and that she told Pachicano's counsel[6] that no one in the Austin office would have had authority in 2011 to sign a contract on behalf of Impact Floors with AYD.

- A declaration of Reagan Stricklin dated October 25, 2017, in which he states that he is "the CEO and one of the founders of Impact Floors" and that "Pachicano did not have the authority to sign any contracts that would have bound Impact Floors, including with AYD."

- A declaration of Ray Anthony Myers dated December 12, 2017, in which he states that he is the President of AYD, that AYD communicated with "various employees of Impact Floors" and that AYD sent invoices to Impact Floors' corporate office in Dallas.

- A declaration of Denise Seals dated January 22, 2018, in which she states that she has worked in Impact Floors' Austin office since June 2012. She further declares that she is "aware of a long-standing policy that the only persons who are authorized to sign any contracts that would bind Impact are select persons in Impact's corporate office in Dallas." In addition, Seals declares, "As part of the Austin Office, we utilized the services of [AYD] for several years. We did so on a service by service/month to month basis without a formal contract. I never saw any written contract between Impact and AYD until after this litigation started. However, we did have an agreement with AYD to pick up our waste at certain times and dates during each month. I personally negotiated several of these times and dates with AYD."

Several of the declarations state that only certain persons at Impact Floors' Dallas office had the authority to enter into contracts and that employees at the Austin office, such as Pachicano, would have been aware of this policy. Therefore, a genuine issue of material fact exists

---

[6] The attorney that Guinan describes as Pachicano's counsel served as AYD's trial and appellate counsel.

8

as to whether Impact Floors intentionally conferred upon Pachicano authority to sign the contract with AYD, and we cannot affirm the trial court's summary judgment on the basis of actual authority.

Furthermore, although uncontroverted evidence shows that Impact Floors bestowed the title of "Operations Manager" on Pachicano, this title, standing alone, does not establish as a matter of law that Pachicano had apparent authority to sign a contract with AYD. *See Amerigroup Tex., Inc. v. True View Surgery Ctr., L.P.*, 490 S.W.3d 562, 567 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (rejecting the argument that the title of "billing administrator" established apparent authority to make a binding agreement); *Elaazami v. Lawler Foods, Ltd.*, No. 14-11-00120-CV, 2012 WL 376687, at *4 (Tex. App.—Houston [14th Dist.] Feb. 7, 2012, no pet.) (mem. op.) ("The mere appointment of a person as a 'vice president' does not by itself establish apparent authority as a matter of law for the person to execute employment contracts on behalf of the company."). AYD presented no evidence concerning the authority typically wielded by an "Operations Manager." *See Amerigroup Tex.*, 490 S.W.3d at 567 (noting that "Amerigroup has not cited any evidence concerning the general scope of authority for a billing administrator in the health care industry or what the usual, customary, or ordinary contracts of a person in that position would be"). In addition, AYD presented no evidence that AYD was aware of Pachicano's title at the time that Pachicano signed the agreement. *See id.* at 567–68 (noting that there was no evidence that the third party was aware of the agent's title when the alleged agreement was made). Therefore, a genuine issue of material fact exists as to whether AYD could have reasonably believed that Pachicano had authority to sign the agreement, and we cannot affirm the trial court's summary judgment on the basis of apparent authority.

Because we have determined that a fact question exists as to whether Pachicano had the authority to sign the contract with AYD, a fact question also exists as to whether Impact Floors

9

is bound by the agreement that Pachicano signed. Accordingly, the trial court erred in granting summary judgment to the extent that it ruled in favor of AYD on its breach of contract claim. The court also erred in ruling in favor of AYD on Impact Floors' counterclaim for breach of implied agreement, because the only argument that AYD advanced in the trial court as to why the court should grant summary judgment on the claim was that a valid written contract existed.

On the other hand, AYD has presented declarations that, taken as true, would establish that Pachicano had the authority to sign the contract. Therefore, Impact Floors was not entitled to summary judgment dismissing AYD's breach of contract claim. Accordingly, the trial court did not err in denying that request.

In short, there is a fact question as to whether a valid written contract exists between Impact Floors and AYD, and the trial court erred to the extent that it granted summary judgment to AYD on those issues. Additionally, because a fact question exists and neither party has prevailed, the court erred in signing a final judgment in AYD's favor and in awarding AYD attorney's fees.[7]

**Judgment Against IFT, Inc.**

In its motion for summary judgment, Impact Floors asked the trial court to dismiss all claims against IFT, Inc. because IFT was not a party to the alleged contract between Impact Floors and AYD. The trial court denied that request. On appeal, Impact Floors argues that the trial court

---

[7] Because there is a fact question about whether a valid written contract exists, and because we will reverse the trial court's final judgment and award of attorney's fees, we need not address Impact Floors' fifth appellate issue, in which it contends that the trial court erred in awarding attorney's fees to AYD. Similarly, because a factfinder has not yet decided whether a valid written contract exists, it would be premature to decide whether the alleged contract's liquidated damages clause is valid, as this decision would be advisory.

10

erred in not dismissing all claims against IFT.[8]  However, it is undisputed that IFT, Inc. is the

general partner of Impact Floors of Texas, L.P.  Therefore, IFT is always liable for Impact Floors'

debts and obligations.  *See* Tex. Bus. Orgs. Code § 153.152(a)(2); *Scott Pelley P.C. v. Wynne*,

No. 05-15-01560-CV, 2017 WL 3699823, at *24 (Tex. App.—Dallas Aug. 28, 2017, pet. denied)

(mem. op.); *Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 56 (Tex. App.—Houston

[1st Dist.] 2013, pet. denied); *Asshauer v. Wells Fargo Foothill*, 263 S.W.3d 468, 474 (Tex. App.—

Dallas 2008, pet. denied).  Accordingly, we overrule this issue.

**Summary Judgment on Impact Floors' Initial Counterclaims**

In its third appellate issue, Impact Floors contends that the trial court erred in

dismissing its initial counterclaims for declaratory judgment and negligence.  As discussed above,

in its first amended answer, Impact Floors asserted counterclaims for declaratory judgment and

negligence.  After the trial court granted summary judgment for AYD on those counterclaims,

Impact Floors filed a second amended answer, in which it brought counterclaims only for breach of

implied agreement or, in the alternative, breach of a written contract.  Therefore, Impact Floors has

abandoned its initial counterclaims.  *See* Tex. R. Civ. P. 65; *Kothmann v. Hall*, No. 03-09-00081-

CV, 2010 WL 2789805, at *2 n.3 (Tex. App.—Austin July 15, 2010, no pet.) (mem. op.) ("The

omission of claims from amended pleadings functions as a withdrawal of the omitted claims even if

summary judgment has already been granted on those claims."); *Randolph v. Walker*, 29 S.W.3d 271,

275 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("The rule underlying these cases is that a

viable complaint on appeal is lost when, following an allegedly erroneous ruling by the trial court on

---

[8] This contention is not presented in the "Issues Presented" portion of Impact Floors' brief but appears under Roman numeral VI in the body of the brief.

a claim, the plaintiff files an amended pleading abandoning the claim upon which the trial court ruled."). Accordingly, we overrule this appellate issue.[9]

## CONCLUSION

Having concluded that a genuine issue of material fact exists as to whether there is a valid written contract between Impact Floors and AYD, we reverse the trial court's final judgment and award of attorney's fees to AYD. We also reverse the trial court's summary judgment rulings on AYD's breach of contract claim and Impact Floors' counterclaims for breach of implied agreement or, in the alternative, breach of written contract. We remand this cause to the trial court for further proceedings consistent with this opinion.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Triana and Kelly

Reversed and Remanded

Filed: July 9, 2019

---

[9] In its fourth appellate issue, Impact Floors contends that the trial court abused its discretion in denying its motion to compel discovery. Because we will reverse and remand this cause on other grounds, we need not reach this issue.

12